IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 17-64 |
| v. | ) | Criminal No. 92-163 |
| | ) | |
| ROBERT C. STIVER, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is Robert C. Stiver's ("Defendant's") Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) and Request for Emergency Consideration ("Motion," Doc. 82).[1] On March 17, 2021, the Government promptly filed a Response opposing reduction ("Response," Doc. 87). After consideration of all the relevant briefing, Defendant's Motion will be denied.

Defendant argues that his underlying medical conditions and his age place him at a significant risk of severe illness or death in light of the COVID-19 pandemic, which together constitute extraordinary and compelling reasons to grant release and/or a reduction in sentence. (Motion at 9-14.) Defendant is 72 years old and suffers from a number of conditions, including type II diabetes. (Id. at 3.) The Government concedes, and the Court agrees, that type II diabetes, a condition classified by the CDC as one causing an increased risk of severe illness

---

[1] Defendant's Motion for Reduction of Sentence was filed at two dockets: Criminal Action No. 17-64 (Doc. 82) and Criminal Action No. 92-163 (Doc. 121). It appears Defendant committed the offenses charged at No. 17-64 while on supervised release for the offense charged at 92-163. The motions appear identical. Parties were advised to file subsequent filings at Criminal Action No. 17-64, with the understanding that the filings would relate to both cases. See the Court's Order at Doc. 83.

1

from the COVID-19 virus, can be considered an "extraordinary and compelling reason" for release under 18 U.S.C. § 3582(c)(1)(A)(i) in the context of the COVID-19 pandemic. (Response at 2, 6.) The Court acknowledges that Defendant's documented health conditions are not insignificant, and that certain of his conditions, namely his diabetes, elevates his risk of severe illness or death significantly if he were to contract the COVID-19 virus.

However, as the Government points out in its Response, Defendant received his first dose of the Pfizer COVID-19 vaccine the day before his Motion was filed. (Response at 2, 7.) The Court assumes, as the Government does, that Defendant will receive his second dose in the very near future and will soon be fully vaccinated. (Id. at 7.) While our understanding of the COVID-19 virus may change in the future, according to the CDC, the Pfizer vaccine is "95% effective at preventing laboratory-confirmed COVID-19 illness in people without evidence of previous infection."[2] Vaccination will significantly mitigate Defendant's risk of contracting the COVID-19 virus and provides him significant protection from serious illness or death. While the CDC currently recommends that fully vaccinated individuals still take certain precautions, the recommendations are mostly designed to protect others. See United States v. Singh, No. 4:15-CR-00028-11, 2021 WL 928740, at *3 (M.D. Pa. Mar. 11, 2021) ("Indeed, the majority of CDC recommendations for fully vaccinated people indicate that the CDC's primary concern is not with fully vaccinated individuals being hospitalized due to COVID-19, but with such individuals potentially spreading the virus to unvaccinated individuals."); see also id. n.36 (indicating that many courts considering vaccination vis-à-vis the COVID-19 pandemic have denied compassionate release); see also United States v. Quinn Bowman, 2:06-cr-369 (W.D. Pa Jan. 29,

---

[2] Centers for Disease Control and Prevention, Information about the Pfizer-BioNTech COVID-19 Vaccine, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html (last visited Mar. 19, 2021).

2021) (Dkt. No. 91) (Fischer, J.) (denying compassionate release for a defendant who was administered the first dose of the Moderna COVID-19 vaccine). Given Defendant's vaccination, the Court does not find "extraordinary or compelling reasons" for release. Moreover, the Court is required to balance these factors with the ones resulting in his original sentence, pursuant to 18 U.S.C. § 3553, and in so doing, finds that the 3553 factors weigh heavily against a reduction in sentence.

The statute controls the Court's decision here. Section 3582(c)(1)(A)(i) provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that in any case the court . . . upon motion of the defendant . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction.

A reduction must be consistent with the policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). The Court must consider the Section 3553 Factors, and here, after careful consideration of the parties' arguments, the Court finds that the 3553 Factors cannot support a reduction in sentence. The Court finds that Defendant's sentence reflects Defendant's history and characteristics, the seriousness of Defendant's offense, and the needs for just punishment and deterrence.

In simplest terms, Defendant committed two bank robberies in 2016, brandishing a large revolver in front of bank employees, displaying extremely lawless behavior. (Response at 3.) These are undoubtedly serious offenses. Defendant was sentenced when he was 71 years old to a term of imprisonment at the very bottom of the guideline range for these offenses. (Response at 8; see also Judgment (Doc. 74).) Because Defendant committed these offenses while on supervised release for another crime, he was also sentenced for his supervised release violation.

(See Judgment (Doc. 119 at Criminal No. 92-163).)  In its Response, the Government summarizes Defendant's significant criminal history, which include numerous offenses committed while Defendant was on parole and while on supervised release.  (Response at 8-10.) Defendant's past practice while under the supervision of the Probation Office gives the Court little reassurance that his behavior will be any different if released today and placed under the supervision of the Probation Office, despite counsel's assurances to the contrary.  (See Motion at 21.)  Moreover, while Defendant has served over 60 percent of his sentence for these offenses, he still has approximately 15 months left to serve, and only then will he begin serving his supervised release violation sentence, with a projected release date of October 28, 2024. (Motion at 2, see also Exhibit D (Doc. 82-4); Response at 4.)  As such, time served in this case is not sufficient to meet the goals of sentencing.  It would not reflect the seriousness of the offenses, promote respect for the law, and provide just punishment and deterrence.

      Having weighed the specific facts and circumstances regarding Defendant, vis-à-vis COVID-19—along with all of the considerations in Section 3553—the Court cannot agree that release is warranted.  For these reasons, Defendant's Motion (**Doc. 82**) for reduction of sentence is **DENIED**.


      IT IS SO ORDERED.


March 23, 2021                                       s\Cathy Bissoon
                                                                   Cathy Bissoon
                                                                   United States District Judge


cc (via ECF email notification):

All Counsel of Record