IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 17-64 |
| v. | ) | Criminal No. 92-163 |
| | ) | |
| ROBERT C. STIVER, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

### ORDER

Pending before the Court is Robert C. Stiver's ("Defendant's") Motion for Reconsideration and Appointment of Counsel, which essentially asks the Court to: (1) reconsider its decision denying Defendant's Motion for Compassionate Release, (2) appoint counsel due to alleged "abandonment" by the Office of the Federal Public Defender, and (3) order the Bureau of Prisons to provide Defendant with cognitive testing and treatment for alleged dementia and/or Alzheimer's disease ("Motion," Docs. 92, 93 (errata)).[1]  Defendant's Motion will be denied.

All the requests in Defendant's Motion hinge on the following hypothetical notion: that if Defendant is suffering from dementia, the Court would change its decision to deny him compassionate release (hereinafter, "Order," Doc. 89).  Defendant is mistaken.  The Court's Order made clear that pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court must consider both the factors delineated in 18 U.S.C. 3553(a) and whether or not there are "extraordinary and

---

[1] Defendant's Motion for Reconsideration and Appointment of Counsel was filed at two dockets: Criminal Action No. 17-64 (Docs. 92, 93 (errata)) and Criminal Action No. 92-163 (Doc. 126). It appears Defendant committed the offenses charged at No. 17-64 while on supervised release for the offense charged at No. 92-163.  The motions appear identical.  The motion will be resolved at Criminal Action No. 17-64.  The Court also notes that Defendant indicates three fellow prisoners assisted him with the preparation of his Motion.  Motion at 1.

compelling reasons" to grant release.  The Court is doubtful that a diagnosis of dementia or Alzheimer's disease standing alone is "extraordinary and compelling."  More important, however, even if were, such conditions would not override the Court's consideration of the 3553 factors in Defendant's case.  The Court already has found that Defendant's sentence reflects Defendant's history and characteristics, the seriousness of Defendant's offenses, and the needs for just punishment and deterrence.  Order at 3.  The Court is well-aware that Defendant has multiple health conditions, that Defendant is advanced in years and that there are continued risks associated with the COVID-19 pandemic—but adding on dementia does not tip the scales in favor of release.[2]  See Order at 1-2.

As to the appointment of counsel, Defendant has already been sentenced at both Criminal Action Nos. 17-64 and 92-163.  In other words, Defendant has no pending actions for which counsel should be appointed.  However, the Court notes that Andrew Lipson from the Office of the Federal Public Defender filed the original Emergency Motion for Compassionate Release, entered an appearance on Defendant's behalf, and remains on the docket as attorney of record, which may have understandably caused confusion.  See Docs. 81, 82.  The Court invites Mr. Lipson to communicate with Defendant as to whether he will continue his representation, should Defendant wish to litigate his compassionate release further.  The Court reiterates, however, that dementia and/or Alzheimer's disease in Defendant's case will not alter the Court's decision to deny compassionate release.  The Court also fails to see how Defendant can claim

---

[2] Defendant also argues that the Court incorrectly stated he was 71 years old when he committed two bank robberies, (see Motion at 1), but in its Order, the Court only notes that Defendant was 71 years old when he was *sentenced* for these crimes.  See Order at 2.  Defendant also argues that he would not be able to commit a bank robbery given his current state.  Motion at 2.  Defendant misses the point—his sentence was appropriate because it reflected the seriousness of the offenses he already committed.  Potential for recidivism is not the only relevant factor.

"abandonment" by the Office of the Federal Public Defender.  The exhibits attached to the Motion merely show Gabrielle Lee, a staff attorney for the Office of the Federal Public Defender, allegedly failed to respond to a couple of emails dated August 31, 2021.  Docs. 93-2, 126-2.  No one could reasonably consider that "abandonment," particularly when Defendant has not directed his correspondence to Mr. Lipson.

Last, the Court will not order the Bureau of Prisons to provide testing or treatment for dementia and/or Alzheimer's disease at this juncture.  Defendant's exhibits seem to indicate that Defendant has been seen by medical professionals for "chronic care," and that his facility declined to test him at this point, deferring to the judgment of health professionals to determine what testing is "medically necessary."  Docs. 93-3, 126-3.  The Court trusts that the medical professionals providing care at Defendant's facility would be able to detect signs of dementia and/or Alzheimer's disease, particularly in an individual advanced in years such as Defendant, and would refer individuals meeting the relevant criteria for evaluation and appropriate treatment.

For these reasons, Defendant's Motion (**Doc. 92**) is **DENIED**.

IT IS SO ORDERED.

October 27, 2021                                     s\Cathy Bissoon
                                                     Cathy Bissoon
                                                     United States District Judge

cc (via ECF email notification):

Andrew Lipson, Office of the Federal Public Defender

cc (via U.S. Mail):

Robert C. Stiver (04540-068)
FCI Hazelton
Federal Correctional Institution
P.O. Box 5000
Bruceton Mills, WV 26525